**STATE of Missouri, Respondent,**

v.

**Arthur BOYLE, Defendant/Appellant.**

No. 71336.

Missouri Court of Appeals,
Eastern District,
Division Two.

May 5, 1998.

Motion for Rehearing and/or Transfer to
Supreme Court Denied July 8, 1998.

Charles E. Kirksey, Jr., St. Louis, for defendant/appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Seth A. Albin, Asst. Atty. Gen., Jefferson City, for respondent.

RHODES RUSSELL, Judge.

Defendant appeals from the judgment entered on jury verdicts finding him guilty of first degree robbery, in violation of section 569.020;[1] armed criminal action, in violation of section 571.015; and second degree assault, in violation of section 565.050; on which he was sentenced to a total of twenty-eight years imprisonment. Defendant appeals his convictions claiming that the trial court erred in admitting his post-arrest statements, in allowing the prosecutor to make a closing argument which attempted to shift the burden of proof, and in denying his motion for acquittal in that the evidence was insufficient to support the verdict as to first degree robbery. We find no error and affirm.

On May 1, 1995, the victims, Tommy Karnes and James Robinson, were working at a scrap metal business in the City of St. Louis. Defendant walked into the building with a bag of cans to sell for scrap, and placed them onto the scale. Robinson picked up the cans and carried them back into the warehouse to be processed. Defendant pointed a gun at Karnes and ordered him to open the cash register. Karnes complied and told defendant to take the money in the drawer. Defendant refused and ordered Karnes to hand him the money. Karnes took the money out of the drawer and handed it to defendant.

Some of the money dropped on the ground, and as defendant bent down to pick it up, Robinson came from behind defendant and hit him in the back of the head with a baseball bat. Defendant pointed the gun at Karnes and fired, but missed. Robinson grabbed defendant and the two struggled. During the struggle, more shots were fired. Karnes came out from behind the register, picked up an ax, and began to hit defendant in the head with the blunt part of the ax. After defendant stopped moving, Robinson grabbed the gun away from defendant and realized that he had been shot in the side during the struggle.

A police officer, observing that defendant was conscious, conversed with him before reading him his Miranda warnings. When asked if he understood his rights, defendant said that he did, and requested an ambulance. A different officer was assigned to accompany defendant to the hospital. The officer who accompanied defendant to the hospital testified that when he asked defendant what happened, defendant, who had a gunshot wound to his wrist, stated that he was "hopped up on heroin when he decided to rob the place and he guessed he shot himself." The officer re-advised defendant of his Miranda rights at the hospital.

 Defendant's first point relied on states that "[t]he trial court erred by failing to suppress certain oral statements of [defendant]." Initially, we note that this point fails to comply with Rule 30.06(d) in that it fails to specify wherein and why the trial court erred. "A point written in violation of Rule 30.06(d) that cannot be understood without resorting to the transcript or argument section of the brief preserves nothing for review." *State v. Williams*, 951 S.W.2d 332,

1. All references are to RSMo 1994 unless otherwise indicated.

338 (Mo.App.1997) (quoting *State v. Berry,* 916 S.W.2d 389, 395 (Mo.App.1996)). This court has no duty to resort to the argument section of defendant's brief to ascertain wherein and why he is claiming the trial court erred. *Williams,* 951 S.W.2d at 338. Nevertheless, we have reviewed defendant's allegations *ex gratia.*

Defendant challenges the admission of the police officer's testimony that defendant stated he was "hopped up on heroin when he decided to rob the place and he guessed he shot himself." Defendant argues that this statement was inadmissible because it constituted an involuntary confession. Defendant asserts that his physical condition after being bludgeoned by the victims and shot in the wrist rendered his statement involuntary.

■ The test for voluntariness is whether under the totality of the circumstances the defendant was deprived of a free choice to admit, deny or refuse to answer, and whether physical or psychological coercion was of such a degree that the defendant's will was overborne at the time he confessed. *State v. Lytle,* 715 S.W.2d 910, 915 (Mo. banc 1986). The waiver of Miranda rights after being advised of those rights is an important consideration. *Id.*

■ At the suppression hearing, the arresting officer testified that he advised defendant of his rights at the scene of the crime. The officer stated that defendant appeared to be coherent and understanding. The officer testified that after advising defendant of his rights, he asked defendant if he understood those rights. He testified that defendant stated that he knew his rights and demanded an ambulance. Defendant's responses to the arresting officer's questions support the trial court's finding that defendant was aware of his rights and his will was not overborne when he waived those rights. Furthermore, defendant concedes that the police did not coerce him into providing the inculpatory statement. Under the totality of the circumstances, the court's finding that defendant's statement was voluntary is supported by sufficient evidence. Point one is denied.

In his second point, defendant asserts that the trial court erred in "permitting the State to comment in closing argument" on the defense's failure to produce a witness for defendant's alibi. We disagree.

Defendant testified on his own behalf. Defendant stated that on the date of the alleged robbery, he and a friend went to the scrap metal business in the early afternoon to drop off some aluminum doors. He testified that he later discovered that he had been short-changed. Defendant stated that his friend dropped him off at the business later in the afternoon to take up his complaint and to deliver some cans. He testified that he asked Karnes about the previous error and an argument ensued. He stated that when he turned to walk away, Robinson blocked his path and struck him with a gun, and the two men struggled.

The State argued the following in closing:

PROSECUTOR: I do ask you to make a reason and common sense decision, but you just look at the story that [defendant] told you here this morning, and you just apply it to your own reason and common sense and none of it makes any sense from the fact that he allegedly has been there many times before, and he allegedly has a friend of his, Danny George, who he does not bring in here to testify.

DEFENSE COUNSEL: Objection, Your Honor. Shifting the burden of proof.

THE COURT: Again, the State carries the only burden. He can comment on the strategies, I'll allow the comment. Go ahead.

PROSECUTOR: To at least just verify this statement that he had been there before and I'll come back to this a little bit more about the Danny George story in just a minute.

Defendant argues that these statements impermissibly shifted the burden of proof to him.

■ The trial court has broad discretion in controlling closing argument, with wide latitude accorded counsel in their summaries. *State v. Mahurin,* 799 S.W.2d 840, 844 (Mo. banc 1990), *cert. denied,* 502 U.S. 825, 112 S.Ct. 90, 116 L.Ed.2d 62 (1991). Absent abuse of discretion resulting in prejudice to the defendant, trial court rulings on such

issues should not be overturned on appeal. *Id.* An abuse of discretion will not be found unless the prosecutor's statements were clearly unwarranted and had a decisive effect on the jury. *State v. Davis,* 825 S.W.2d 948, 951 (Mo.App.1992).

■ The prosecutor's statements herein did not shift the burden of proof to defendant. The statements, taken in context, were an attempt by the prosecutor to argue that defendant's version of the events was implausible in light of the testimony of the state's two eyewitnesses. Prosecutors are entitled to argue matters supported by the evidence and reasonable inferences therefrom. *State v. Mease,* 842 S.W.2d 98, 110 (Mo. banc 1992). That includes pointing out to the jury an absence of evidence to support a theory suggested by the defendant. *Id.* Because the prosecutor's statements were not improper, there was· no abuse of discretion. Defendant's point two is denied.

In his final point, defendant contends that the trial judge erred in denying his motion for acquittal as to first degree robbery at the close of all of the evidence because the evidence was insufficient to support a judgment of conviction.

■ On review of a conviction based on a claim that the evidence was insufficient, the Court accepts as true all of the evidence favorable to the state, including all favorable inferences drawn from the evidence and disregards all evidence and inferences to the contrary. *State v. Grim,* 854 S.W.2d 403, 405 (Mo. banc 1993).

Defendant argues that the elements of robbery include the carrying off, or asportation, of the property. Defendant asserts that because the testimony of the State's witnesses showed that he only had the money, if at all, for an instant before he was struck by Robinson. Because the money scattered about the floor as a result of his being struck by Robinson, he did not carry off the money, and asportation never occurred. Defendant's argument is misplaced, however, as asportation is not an element of robbery.

Section 569.020.1 provides that a person commits robbery in the first degree "when he forcibly steals property" through the use of threats, physical injury, or a dangerous instrument. Section 569.010(1) defines "forcibly steals" as the using or threatening the immediate use of physical force upon another when in the course of stealing, and refers to section 570.030 for further definition of "stealing."

The current section 570.030 was enacted in 1979. When the Proposed Criminal Code was first published in 1973, the Missouri Committee to Draft a Model Criminal Code included instructive commentary. The committee comment to section 570.030.1 explains that problems encountered in determining whether "stealing" under the former section 560.156 included some or all of the elements ·of common law theft offenses, led the committee to adopt a new stealing statute which more clearly lists the elements of the offense. The comment then provides that the only essential elements under the statute are (1) an appropriation (2) of property or services (3) of another (4) with the purpose to deprive the other thereof (5) accomplished without the owner's consent, or by means of deceit, or by means of coercion.

Section 570.010(3) defines "appropriate" to mean "take, obtain, use, transfer, conceal or retain possession of." The statute clearly establishes that exercising control by any of the enumerated acts, with the requisite intent, is a prohibited "appropriation." Several of the listed acts do not require carrying away for completion. For example, a person could obtain money, thus having appropriated it under the statute, without carrying it away.

Despite the new statute and the comment thereto, some cases have continued to refer to the requirement of asportation.[2] A Southern District opinion, however, written after the adoption of the 1979 criminal code, provides a historical analysis of the statutory change. *State v. Eby,* 629 S.W.2d 515 (Mo. App.1981). *Eby* explained that the revised statute removed the separate requirements of caption and asportation as essential ele-

---

**2.** *See, e.g., State v. Davis,* 849 S.W.2d 34, 43 (Mo.App.1993); *State v. Bradshaw,* 766 S.W.2d 470, 472 (Mo.App.1989); *Byrd v. State,* 726 S.W.2d 402, 403 (Mo.App.1987).

ments of stealing, and replaced them with the single element of appropriation. *Eby,* 629 S.W.2d at 519.

■ We agree with that court's analysis, and that of the cases following *Eby,*[3] and hold that asportation is not an essential element of stealing.

■ The evidence in this case was more than sufficient for rational triers of fact to have found beyond a reasonable doubt that defendant "appropriated" the money. One means of appropriation is "obtaining." The commonly and reasonably understood meaning of the verb "obtain" is "to come into possession of; get, acquire, or procure, as through effort or request." Random House Webster's College Dictionary, p. 903 (2d ed.1997).

Karnes testified at trial that defendant ordered him to open the cash register, remove the money, and hand the cash to defendant. Karnes stated that although he dropped some of the cash, he did hand defendant money in response to his demand. This testimony was sufficient to support a finding that defendant appropriated the funds. There is no dispute as to the sufficiency of the evidence to establish the other elements of the offense charged. Defendant's point challenging the sufficiency of the evidence to support his robbery conviction is denied.

The judgment is affirmed.

CRANE, P.J., and JAMES R. DOWD, J., concur.

---

**3.** *See, e.g., State v. Cates,* 854 S.W.2d 17, 19 (Mo.App.1993); *State v. Vineyard,* 839 S.W.2d 686, 691 (Mo.App.1992).