STATE of Missouri, Respondent,

v.

Damon CAIN, Appellant.

No. 73705.

Missouri Court of Appeals, Eastern District, Division Four.

Nov. 3, 1998.

Irene Karns, Asst. Public Defender, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Daniel W. Follett, Asst. Atty. Gen., Jefferson City, for respondent.

RHODES RUSSELL, Judge.

Defendant appeals from the trial court's judgment finding him guilty of one count of second degree murder, under section 565.021 RSMo 1994;[1] three counts of first degree assault, under section 565.050; one count of first degree robbery, under section 569.020; and five counts of armed criminal action, under section 571.015. Defendant was sentenced to life imprisonment on the murder count and the related armed criminal action count, thirty years imprisonment on each of two assault counts and the related armed criminal action counts, fifteen years imprisonment on the remaining assault count and the related armed criminal action count, and thirty years imprisonment on the robbery count and the related armed criminal action

1. All statutory references hereinafter are to RSMo 1994 unless otherwise indicated.

count. One of the thirty year sentences for assault was to be served consecutively to the other terms, all of which were to run concurrently. We reverse the convictions and thirty year sentences for the two class A assault counts, and reduce the convictions to class B felony first degree assaults. We remand for resentencing as class B felonies. We also reverse the sentences for the related armed criminal action counts and remand for resentencing in light of the class B resentencing of the assault convictions. In all other respects, the judgment is affirmed.

■ In his first point, defendant argues the trial court erred in finding him guilty on two counts of the class A felony of first degree assault and sentencing him accordingly. Defendant notes that in its substitute information, the state charged him, under Counts V and VII, with the two class B felonies of first degree assault, alleging that he attempted to kill or cause serious physical injury to two victims by shooting them.

■ The state concedes the trial court's sentencing of defendant for the two class A felonies of first degree assault where he was charged with committing the two class B felonies of first degree assault constitutes error. The state further concedes that, in the interests of justice, the corresponding armed criminal action counts, Counts VI and VIII, should be remanded for resentencing in light of the resentencing of the assault counts. We agree. Defendant cannot be convicted and sentenced for a crime with which he was not charged and did not have an opportunity to defend against. *State v. White*, 431 S.W.2d 182, 186 (Mo. banc 1968). Point one is granted.

■ Defendant's second point challenges the sufficiency of the evidence to support the verdict. Specifically, defendant asserts the evidence cannot sustain a conviction for first degree robbery of one of the victims because the state did not establish that defendant or his codefendant appropriated victim's purse, which is an element of the offense.

Section 569.020.1(2) defines first degree robbery as the forcible stealing of property when the robber or another participant is armed with a deadly weapon. Section

570.030 provides that a person commits the crime of stealing when he appropriates the property of another. Appropriation, in turn, is defined in section 570.010(2) as "to take, obtain, use, transfer, conceal or retain possession of." Appropriation is the action that is prohibited. *State v. Boyle*, 970 S.W.2d 835, 838–39 (Mo.App.1998).

In reviewing a conviction based on a challenge to the sufficiency of the state's evidence, our inquiry is limited to a determination of whether the evidence, viewed in the light most favorable to the state, is sufficient to support the verdict. *State v. Smith*, 944 S.W.2d 901, 916 (Mo. banc 1997). In determining the sufficiency of the evidence, all evidence supporting the verdict is regarded as true with contrary evidence discarded. *Id.*

Viewed in this light, the jury could find that defendant met two cohorts and made plans to go rob somebody. The three encountered a small group of people and spoke briefly with one of the men. Defendant produced a handgun and held it to the back of one of the victims' heads. One cohort, who was also armed at that point, ordered the group to get down on the ground. The female victim, however, froze. Eventually defendant pushed her to the ground.

Victim testified at trial she left her apartment that night with her purse over her shoulder and the strap intact. As victim and her companion exited the building they met a group of people including the other victims, defendant, and his cohorts. When defendant produced a gun and ordered everyone to the ground, victim was slow to obey. She testified defendant pushed her to the ground and multiple shots were fired. Victim was shot five times in the back, shoulder, and leg. She testified that at some point as she was lying on the ground she noticed she did not have her purse. The purse was later found by police near the scene of the shooting, but not in an area victim had been, and the strap had been broken. She testified she did not place the purse where it was found.

Defendant claims the evidence was insufficient to show appropriation. In support of this proposition, defendant points out that

although five eyewitnesses recounted the events of the evening, none recalled anyone taking the purse. Defendant further notes no evidence was adduced at trial that the contents of the purse had been disturbed.

An eyewitness account of the theft itself, however, is not necessary to sustain a conviction for first degree robbery. *See State v. Murray*, 840 S.W.2d 241 (Mo.App. 1992). After reviewing the record in this case, we find sufficient evidence from which the judge could have reasonably found defendant guilty of first degree robbery as charged. Point two is denied.

Defendant's convictions for the class A felony of first degree assault on Counts V and VII are reduced to convictions for the class B felony of first degree assault. Counts V, VI, VII, and VIII are remanded for resentencing in light of the reduction of the assault convictions to class B felonies. In all other respects, the judgment is affirmed.

HOFF, P.J., and GARY M. GAERTNER, J., concur.