STATE of Missouri, Respondent,

v.

Keith ROY, Appellant.

No. 73622.

Missouri Court of Appeals,
Eastern District,
Division Two.

Feb. 16, 1999.

S. Paige Canfield, Asst. Public Defender, St. Louis, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Daniel W. Follett, Asst. Atty. Gen., Jefferson, City, for respondent.

LAWRENCE G. CRAHAN, Judge.

Keith Roy ("Defendant") was convicted following a bench trial of second degree murder, Sec. 565.021 RSMo 1994,[1] first degree robbery, Sec. 569.020, class B assault in the first degree, Sec. 565.050, two counts of class A assault in the first degree, Sec. 565.050, and five counts of armed criminal action, Sec. 571.015. Defendant was sentenced to life imprisonment on the murder count and the corresponding armed criminal action count, thirty years on each of the class A assault counts and the corresponding armed criminal action counts, fifteen years on the class B assault count and the corresponding armed criminal action count, and thirty years on the robbery count and the corresponding armed criminal action count. All of the sentences were to be served concurrently except for the sentence on one count of class A assault which was to be served consecutively to the other sentences. Defendant appeals from the trial court's judgment, alleging error in the denial of his motion to sever and in his conviction on two counts of class A assault in the first degree and the two corresponding counts of armed criminal action. We affirm in part and reverse in part and remand.

The facts viewed in the light most favorable to the verdict are as follows. Defendant conspired to commit a robbery with Damon Cain and James Ewing. Four people were shot during the robbery and one died. Only Defendant and Cain had guns at the time of the shooting, and multiple shots were fired by two different guns. Ewing identified Defendant and Cain as the parties responsible for the shooting. Defendant was charged by information jointly with Cain with one count of first degree murder, two counts of robbery in the first degree, three counts of class B assault in the first degree, and six counts of armed criminal action. Defendant waived his right to jury trial and sentencing, and moved to sever his trial from Cain's trial. The trial court denied his motion, and Defendant was tried jointly with Cain.

1. All further statutory references are to RSMo 1994.

**924**

In his first point, Defendant claims that the trial court erred in denying his motion to sever. We have reviewed the briefs of the parties and the record on appeal and find no error of law. An extended opinion on this point would have no precedential value. Point one is denied pursuant to Rule 30.25(b).

 In his second point, Defendant argues the trial court erred in finding him guilty on two counts of class A first degree assault and sentencing him accordingly. The state concedes that this was error. The state did not charge Defendant with class A first degree assault. It charged Defendant, under Counts V and VII, with two class B felonies of assault in the first degree, alleging that he attempted to kill or cause serious physical injury to two victims by shooting them.[2] This Court addressed this issue in Cain's appeal of the judgment entered upon his convictions in *State v. Cain*, 980 S.W.2d 145 (Mo.App.1998). A person cannot be convicted of a crime with which he was not charged unless it is a lesser included offense of a charged offense. *State v. Parkhurst*, 845 S.W.2d 31, 35 (Mo. banc 1992). Class A assault in the first degree is not a lesser included offense of class B assault in the first degree, as class A involves the infliction of serious physical injury on the victim and class B does not. Sec. 565.050.2. Therefore Defendant's convictions of class A assault constituted error.

However, there was sufficient evidence that Defendant fired a deadly weapon at the two victims and thereby wounded them, and that is enough to support a conviction of class B assault in the first degree. *State v. Nguyen*, 880 S.W.2d 627, 635 (Mo. App.1994). Accordingly, Defendant's convictions of class A assault in the first degree in Counts V and VII are reduced to convictions of class B assault in the first degree and those Counts are remanded for resentencing. *See State v. Cain*, 980 S.W.2d at 147. The corresponding counts of armed criminal action, Counts VI and VIII, are remanded for resentencing in light of the resentencing of

the assault counts. *Id.* at 146. In all other respects, the judgment is affirmed.

JAMES R. DOWD, P.J., and RICHARD B. TEITELMAN, J., concur.

---

2. We note that in the original information filed October 10, 1996, Counts V and VII charged Defendant with class A assault in the first degree.

However, in the substitute information filed June 5, 1997, Counts V and VII charged Defendant with class B assault.