**David THOMAS, Movant/Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. ED 89985.**

Missouri Court of Appeals,
Eastern District,
Division Two.

April 1, 2008.

S. Kristina Starke, Office of the Missouri Public Defender, St. Louis, MO, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Jaime Wilson Corman, Assistant Attorney General, Jefferson City, MO, for respondent.

### Introduction

ODENWALD, Judge.

David Thomas (Movant) appeals from the motion court's denial, without an evidentiary hearing, of his Rule 24.035 motion for post-conviction relief.

### Background

Movant was charged by indictment with one count of robbery in the first degree, two counts of armed criminal action, and one count of assault in the first degree. On May 24, 2006, Movant pleaded guilty to robbery in the first degree and to one count of armed criminal action. That same date, pursuant to plea negotiations, the State entered its order of nolle prosequi as to the assault count and one count of armed criminal action. The plea court sentenced Movant to serve a term of ten years' imprisonment for the robbery count and a concurrent term of three years' imprisonment on the armed criminal action count.

Thereafter, Movant filed a pro se Motion to Vacate, Set Aside or Correct the Judgment or Sentence. In his amended motion for post-conviction relief pursuant to Rule

24.035 (Motion for Post–Conviction Relief), Movant requested an evidentiary hearing and claimed his plea counsel (Plea Counsel) was ineffective for failing to investigate adequately Movant's mental health history and failing to request a court-ordered psychiatric evaluation under Section 552.020 RSMo 2000 to determine Movant's competency to plead guilty or stand trial. In his Motion for Post–Conviction Relief, Movant alleged Plea Counsel knew, or should have known, that Movant was mentally retarded and should have requested that his competency be professionally evaluated before advising Movant to plead guilty.

Movant claimed that, if granted an evidentiary hearing, he would testify that he advised Plea Counsel he was mentally retarded. Movant stated that, at a hearing on his motion, he would call Plea Counsel to testify regarding her conversations with him, might also offer into evidence his mental health records, and would offer the testimony of one or more of the diagnosticians or mental health practitioners who had treated or evaluated him for mental health problems. Lastly, Movant stated he might offer the testimony of an independent psychiatrist or psychologist who would evaluate Movant.

Movant alleged that Plea Counsel's files indicate that Plea Counsel had to read the State's discovery to him because Movant is completely illiterate. Movant further alleged that he had been treated at numerous mental health facilities prior to his arrest for the charged crimes and found to be mentally ill and mentally retarded. Movant alleged that, on March 22, 2005, an I.Q. test administered to Movant at the Metropolitan St. Louis Psychiatric Center revealed Movant had an I.Q. of 59. Movant averred that Debra Leuchtefeld, a psychologist at the facility, reported that Movant's intellectual impairment was severe enough to warrant a diagnosis of Mild Mental Retardation.

Following a prehearing conference with Movant's post-conviction counsel and counsel for the State, the motion court denied Movant's request for an evidentiary hearing. In its Findings of Fact, Conclusions of Law, Order, Judgment, and Decree, the motion court concluded Movant's allegations were entirely refuted by the record "in both context and content throughout the plea and sentencing hearing." The motion court noted that, during his plea hearing, Movant was able to state clearly his full name, age, address prior to incarceration, prior employment, and education attained, and that Movant admitted that he understood the nature of the proceedings and the questions asked of him by the plea court. The motion court found that Movant had denied that he was under the influence of any drugs or alcohol or that he ever had a problem with addiction to such substances, and that Movant denied that he, at the time of his plea or ever, suffered from any mental problem. The motion court noted that Movant acknowledged he fully understood all of the questions asked of him and said he was pleading guilty freely and voluntarily with a full understanding of his rights because he was, in fact, guilty of the charged crimes and that Movant affirmed all of his answers were completely truthful. Determining that Movant failed to establish any basis in law to have his sentence vacated, set aside or corrected, the motion court denied Movant's Motion for Post–Conviction Relief. This appeal follows.

## Point on Appeal

In his sole point on appeal, Movant claims the motion court erred in denying his post-conviction claim that Plea Counsel was ineffective for failing to seek adjudication of Movant's mental competency be-

cause Movant pleaded facts, not conclusions, demonstrating that Plea Counsel had reason to question Movant's mental condition but failed to do so, and there is a reasonable probability that due to Plea Counsel's inaction, Movant was incompetent when he was convicted and sentenced.

### Discussion

#### Movant's Allegations of Ineffective Assistance of Counsel

The salient issue on appeal is whether Movant was entitled to an evidentiary hearing to determine if his plea should be set aside. Movant's Rule 24.035 motion alleges that Movant was not mentally competent at the time of his guilty plea. Particularly, Movant alleges that he advised Plea Counsel during the course of her representation of Movant that he was mentally retarded. In addition, Movant alleges that he had been treated at numerous health facilities prior to his plea and found to be mentally ill and mentally retarded; that he had an I.Q. of 59, which placed him in the Extremely Low range of functioning; that his intellectual impairment is severe enough to render a diagnosis of Mild Mental Retardation; and that he was completely illiterate as evidenced by the fact that Plea Counsel had to read the State's discovery to him. Movant claims he was denied effective assistance of counsel because Plea Counsel failed to request a determination of his mental competency before advising Movant to plead guilty and that records from treating mental health facilities or practitioners would prove his lack of mental competency to enter a plea of guilty.

To prevail on his claim of ineffective assistance of counsel, Movant must show his counsel's performance did not conform to the degree of skill, care and diligence of a reasonably competent attorney, and Movant was prejudiced thereby.

*State v. Nunley*, 923 S.W.2d 911, 922 (Mo. banc 1996). "To overcome the performance prong, the movant must overcome the presumptions that 'the challenged action was sound trial strategy' and that counsel 'rendered adequate assistance' and 'made all significant decisions in the exercise of reasonable professional judgment.' " *Hubbard v. State*, 31 S.W.3d 25, 38 (Mo.App. W.D.2000), citing *State v. Nunley*, 980 S.W.2d 290, 292 (Mo. banc 1998). Regarding the prejudice requirement of Movant's claim of ineffective assistance of counsel, the inquiry focuses on whether the counsel's ineffective performance affected the outcome of the plea process. *Coates v. State*, 939 S.W.2d 912, 914 (Mo. banc 1997). "[A] guilty plea must be a voluntary expression of the defendant's choice, and a knowing and intelligent act done with sufficient awareness of the relevant circumstances and likely consequences." *State v. Roll*, 942 S.W.2d 370, 375 (Mo. banc 1997). To demonstrate prejudice where a guilty plea was entered, a movant must prove that, but for his counsel's error, he would not have pleaded guilty and would have proceeded to trial. *Id.* Thus, an ineffective assistance claim is material to the extent that it impinges the voluntariness and knowledge with which the plea was made. *Id.*

Here, Movant claims his counsel was ineffective for failing to investigate his mental health status. Because cases such as these do not lend themselves very well to the outcome test, whether Movant would still have pleaded guilty despite Plea Counsel's alleged ineffective assistance is irrelevant. *Hubbard v. State*, 31 S.W.3d at 38. Instead, Movant need only demonstrate a "reasonable probability" he lacked mental competency, "sufficient to undermine confidence in the outcome." *Id.* (citations omitted). If it were proven that Movant did lack the mental competency to

understand the proceedings against him and that Plea Counsel failed to investigate his competency before advising him to plead guilty, it is likely that his plea was not made knowingly and intelligently. *See id.* (allowing an incompetent person to plead guilty is a *per se* due process violation).

*Denial of Evidentiary Hearing by Motion Court*

An evidentiary hearing is not required for a post-conviction motion for relief if the motion, the files and case record conclusively show that a movant is not entitled to relief. Rule 24.035(h). To warrant an evidentiary hearing: 1) the motion must plead facts, not conclusions, which if true, would merit relief; 2) the facts alleged must raise matters not refuted by the record; and 3) the matters must have resulted in prejudice to the movant. *Walker v. State*, 232 S.W.3d 586, 588 (Mo. App. E.D.2007). Our review of decisions under Rule 24.035 is limited to determining whether the findings, conclusions, and judgment of the motion court are clearly erroneous. *Wooldridge v. State*, 239 S.W.3d 151, 153–54 (Mo.App. E.D.2007).

The motion court expressly concluded that Movant's pleaded facts were entirely refuted by the record, thereby failing to satisfy the second requirement listed in *Walker*. However, Movant specifically alleges he advised Plea Counsel that he was mentally retarded, and the record does not refute this factual allegation. The motion court clearly erred in finding otherwise.

In reaching its conclusion, the motion court properly reviewed the transcript of Movant's plea and sentencing proceeding, including the plea court's examination of Movant as to the assistance of counsel. The motion court found that the record shows Movant understood his rights and the nature of the charges to which he was pleading guilty, and that Movant was pleading guilty freely and voluntarily with a full understanding of his rights. However, to preclude an evidentiary hearing, the trial court's inquiry at the plea and sentencing hearings must be sufficiently specific to elicit responses conclusively refuting a movant's allegations. *Savage v. State*, 114 S.W.3d 455, 458 (Mo.App. E.D. 2003). We do not believe that the general questions posed to Movant by the plea court regarding his understanding of the charge, plea process, and his rights were sufficiently specific to elicit responses refuting Movant's allegations that he informed Plea Counsel that he was mentally retarded. The inquiry necessary to refute Movant's allegations was whether Movant provided Plea Counsel with information that required Plea Counsel to make further inquiry into Movant's mental competency prior to entering a plea. Movant's allegation that he advised Plea Counsel of his mental retardation is not refuted by the plea court's inquiry, and this allegation alone, if true, is sufficient to require Plea Counsel to make further inquiry.

We agree that allegations addressing only Movant's literacy or lack of formal education would be insufficient to rebut the record of the plea proceeding indicating that Movant understood the proceedings, and would be insufficient to overcome the presumption that Plea Counsel rendered adequate assistance. Movant's inability to read or lack of formal education does not preclude automatically his understanding of the charges made against him, his rights regarding the charges, or his understanding of the plea process, each of which could be explained by Plea Counsel.

However, unlike claims of mental incompetence that are based solely upon allegations that a defendant cannot read or write, or is of limited intelligence or education, Movant here specifically alleges he

advised Plea Counsel that he was mentally retarded. The record before us does not refute this factual allegation, which, if true, relates directly to Movant's claim that he was denied effective assistance by Plea Counsel's failure to seek an evaluation of his mental competency prior to the plea. Movant alleges additional facts which detail his levels of mental functioning, impairment and retardation, each of which are relevant to Movant's mental competency at the time he entered his plea. Where counsel has reason to question a defendant's mental competency, the failure of counsel to adequately evaluate the defendant's mental health status and have an independent mental health examination performed prior to allowing the defendant to plead guilty has been found to fall below the exercise of the customary skill and diligence that a reasonably competent attorney would exercise in similar situations. *See Hubbard*, 31 S.W.3d at 37.[1]

With regard to the other two factors stated in *Walker*, if Movant was not competent at the time of his plea, then his motion clearly would merit relief, and he suffered prejudice. *Walker*, 232 S.W.3d at 588; *Hubbard*, 31 S.W.3d at 38 (where movant claims that counsel was ineffective for failing to investigate properly his mental health status, prejudice prong is satisfied if movant demonstrates reasonable probability that he was incompetent, sufficient to undermine confidence in the outcome). We find Movant's allegation that he advised Plea Counsel he was mentally retarded sufficient to overcome the presumption that Plea Counsel rendered adequate assistance.

Consequently, we conclude Movant's Motion for Post–Conviction Relief pleaded

facts, not refuted by the record, that entitled Movant to an evidentiary hearing. The motion court's denial, without an evidentiary hearing, of Movant's Rule 24.035 motion was clearly erroneous.

■ We are careful not to suggest that Movant would be entitled to the relief he seeks merely by producing evidence of his mental impairment and retardation at the evidentiary hearing. As noted in *Hubbard*, "[t]he suspicion or actual presence of some degree of mental illness or need for psychiatric treatment does not equate with incompetency to stand trial [or plead guilty]." *Hubbard*, 31 S.W.3d at 34, *quoting Henderson v. State*, 977 S.W.2d 508, 511 (Mo.App. S.D.1998). "In fact, an accused may be mentally retarded in some degree and still be competent to stand trial or enter a knowing, intelligent plea of guilty." *Henderson*, 977 S.W.2d at 511. The test for competency is "whether [a movant] has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding[,] and whether he has a rational as well as [a] factual understanding of the proceedings against him." *Id., quoting Dusky v. United States*, 362 U.S. 402, 402, 80 S.Ct. 788, 4 L.Ed.2d 824 (1960). Whether Movant was able to consult with his counsel with a reasonable degree of rational understanding, and whether he had sufficient understanding of the proceedings against him, despite his alleged mental impairment, remain to be determined at an evidentiary hearing.

*Conclusion*

We reverse the motion court's judgment and remand for an evidentiary hearing on

---

1. Although the Court in *Hubbard* concluded the movant was denied effective assistance of counsel by plea counsel's failure to investigate his mental health status, the Court further found that the movant suffered no prejudice

from counsel's failure because evidence presented at an evidentiary hearing on the movant's post-conviction motion demonstrated that the movant was mentally competent at the time he entered his plea.

Movant's claim his Plea Counsel failed to investigate adequately Movant's mental health history and failed to request a court-ordered psychiatric evaluation under Sec. 552.020 to determine Movant's competency to plead guilty or stand trial.

LAWRENCE E. MOONEY, P.J., and BOOKER T. SHAW, J., Concur.