**STATE of Missouri,**
**Plaintiff/Respondent,**

v.

**Robert Edward GONZALES,**
**Defendant/Appellant.**

**No. ED 89566.**

Missouri Court of Appeals,
Eastern District,
Division One.

April 22, 2008.

Shaun J. Mackelprang, Joshua N. Corman, Asst. Atty. Gen., Jefferson City, MO, for respondent.

Irene C. Karns, Columbia, MO, for appellant.

KATHIANNE KNAUP CRANE, Presiding Judge.

Defendant, Robert Edward Gonzales, appeals from a judgment entered by the trial court on a jury verdict finding him guilty of establishing a residency within 1000 feet of a school, in violation of section 566.147 RSMo (2004 Supp.). The trial court sentenced him to four years imprisonment to be served pursuant to section 559.115 RSMo (2000), with a 120–day callback. On appeal, defendant challenges the constitutionality of section 566.147 RSMo (2004 Supp.), as applied to him, and the sufficiency of the evidence that he knew that his residence was within 1000 feet of a school. He has also filed a motion to transfer the case to the Missouri Supreme

Court. We affirm the conviction and deny the motion to transfer.

Defendant was released from custody in February 2005 after serving sentences for statutory sodomy in the second degree and sexual misconduct. At the time of his release, section 566.147 RSMo (2004 Supp.) [1] required, in part, that certain offenders, including those convicted of statutory sodomy in the second degree, shall not "establish residency" within 1000 feet of a school. After his release, defendant lived in Hannibal on Rockcliffe Street. In May 2005, defendant moved to 110 Collins Street, also in Hannibal, which address was less than 1000 feet from Holy Family School. Holy Family School is a Catholic elementary school for students from prekindergarten through eighth grade.

I. *Constitutional Question/Motion to Transfer*

██ For his first point, defendant asserts that the trial court plainly erred in submitting the offense to the jury because section 566.147 RSMo (2004 Supp.) is unconstitutional as applied to him. He argues that the statute operates retrospectively to impose a disability based on his 1997 conviction, before section 566.147 RSMo (2004 Supp.) became effective. Defendant concedes that he did not raise this claim until this appeal, and seeks plain error review.

██ "Constitutional violations are waived if not raised at the earliest possible opportunity." *State ex rel. York v. Daugherty,* 969 S.W.2d 223, 224 (Mo. banc 1998); *see also State v. William,* 100 S.W.3d 828, 831 (Mo.App.2003); Rule 24.04(b)(2).

In order to preserve a constitutional issue for appellate review, a party must (1) raise the issue at the first available opportunity, (2) state the constitutional provision claimed to be violated by specifically referencing the article and section of the constitution or by quoting the constitutional provision itself, (3) state the facts that comprise the constitutional violation and (4) preserve the constitutional issue throughout the criminal proceeding.

*State v. Newlon,* 216 S.W.3d 180, 184 (Mo. App.2007). The amended information charged defendant with an offense under section 566.147 RSMo (2004 Supp.). Thus, the earliest opportunity defendant had to raise this constitutional challenge was before trial in a motion to quash the amended information. *Newlon,* 216 S.W.3d at 184. Defendant did not file such a motion.

██ When an appellant raises a constitutional question for the first time on appeal, we cannot consider the appeal or transfer the appeal to the Missouri Supreme Court. *Id.; State v. Anthony,* 857 S.W.2d 861, 866 (Mo.App.1993). However, "[i]f there is a change of law after judgment is rendered by the trial court, but before the appellate court's decision, 'the law must be obeyed or its obligation denied.'" *State v. Burgin,* 203 S.W.3d 713, 717 (Mo. banc 2007).

While this appeal was pending, the Missouri Supreme Court decided *R.L. v. State of Missouri Department of Corrections,* 245 S.W.3d 236 (Mo. banc 2008). The parties filed supplemental briefs on the question of whether *R.L.* changed the law applicable to defendant. We conclude that *R.L.* did not.

In *R.L.,* the plaintiff pleaded guilty in December 2005 to the attempted enticement of a child. At that time, section 566.147 RSMo (2004 Supp.) was in effect. It did not allow offenders to "establish residency" within 1000 feet of a school. However, because the plaintiff had resided

1. This version of the statute became effective on August 28, 2004.

within 1000 feet of a grade school since 1997, his continued residency did not violate that statute. In June 2006, section 566.147 RSMo (2006 Supp.) became effective. It contained a new requirement that the class of offenders in which the plaintiff fell "shall not reside" within 1000 feet of a school. After the plaintiff was informed that he would be prosecuted under this statute if he did not move, he filed a petition for an injunction and declaratory judgment. The circuit court held that section 566.147 RSMo (2006 Supp.) was unconstitutional as applied to him and other similarly situated sex offenders who already resided within 1000 feet of a school when the statute was enacted. The Missouri Supreme Court affirmed, holding that "the residency restrictions at issue in this case impose a new obligation upon R.L. and those 'similarly situated' by requiring them 'to change their place of residence' based solely upon offenses committed prior to enactment of the statute." 245 S.W.3d at 237.

In this case, defendant is not similarly situated to the plaintiff in *R.L.* because he was not prosecuted under the 2006 amendments to section 566.147 and the 2004 version of the statute did not compel him to change his place of residence. As a result, *R.L.* does not constitute a change of law with respect to the 2004 version of the statute that would allow us to review the unpreserved constitutional claim in this case.

Because defendant did not raise his constitutional claim until appeal, point one is denied. Defendant's motion to transfer is also denied.

II. *Sufficiency of Evidence–Knowledge*

■ For his second point, defendant asserts that the trial court erred in overruling his motion for judgment of acquittal because the state failed to introduce suffi-

cient evidence to prove beyond a reasonable doubt that defendant knew his residence was within 1000 feet of a school.

■ We review the denial of a motion for acquittal at the close of evidence to determine if the state adduced sufficient evidence to make a submissible case. *State v. Christian,* 184 S.W.3d 597, 602 (Mo.App.2006). In determining if the evidence is sufficient to support the verdict, we view the evidence in the light most favorable to the verdict, including all favorable inferences that may be drawn from the evidence, and we disregard all contradictory evidence and inferences. *State v. Grim,* 854 S.W.2d 403, 405 (Mo. banc 1993) (quoting *State v. Dulany,* 781 S.W.2d 52, 55 (Mo. banc 1989)).

Section 566.147 RSMo (2004 Supp.) does not prescribe a culpable mental state. Section 562.021.3 RSMo (2000) provides that "if the definition of any offense does not expressly prescribe a culpable mental state for any elements of the offense, a culpable mental state is nonetheless required and is established if a person acts purposely or knowingly; but reckless or criminally negligent acts do not establish such culpable mental state."

The state responds that a culpable mental state is not required, citing section 562.026(2) RSMo (2000). Section 562.026 provides that a culpable mental state is not required:

\* \* \*

(2) If the offense is a felony or misdemeanor and no culpable mental state is prescribed by the statute defining the offense, and imputation of a culpable mental state to the offense is clearly inconsistent with the purpose of the statute defining the offense or may lead to an absurd or unjust result.

We do not need to resolve whether or not a culpable mental state is required. The jury was instructed that it had to find that defendant "acted knowingly" with respect to the facts and conduct submitted in the verdict directing instruction. The state adduced sufficient evidence to support an inference that defendant knew that he established residency within 1000 feet of a school.

At trial, Charles Anderson, an employee of the Hannibal City Engineer's Office, testified that he determined from the city's tax map maintained by his office that the distance from 110 Collins Street to Holy Family School was 720 feet. The map was drawn to scale and was accurate. The City Engineer's office also prepares and maintains another map that shows each public and private school and day care center covered by the statute and a 1000-foot radius around each in order to answer questions from registered sex offenders about where they can live. This map also showed that 110 Collins was within a 1000 foot radius of Holy Family School.

Holy Family School was located on Broadway, at the corner of Maple and Broadway. The school had three playgrounds. There was a small playground adjacent to the school building for the young children, an enclosed "main" or "front" playground to the west of the school, across Maple on Broadway, and a third playground also across Maple, which doubled as a parking lot.

Christopher Flynn and Regina Webb, investigators with the Marion County Sheriff's Office, testified that they went to defendant's residence. From the back of 110 Collins, both Mr. Flynn and Ms. Webb could see Holy Family School and part of the front playground. Ms. Webb further testified that the playground and playground equipment was visible looking south from 110 Collins. Mr. Flynn also testified that defendant's residence had windows in the back.

Defendant admitted at trial that he knew of Holy Family Church, but testified that he "wasn't sure" if there was a school there. He admitted that prior to his arrest, while he lived at 110 Collins, he worked on Broadway and he drove past Holy Family School coming and going from work. He also drove down Broadway past Holy Family School on other occasions prior to his arrest.

Defendant relies on *State v. White*, 28 S.W.3d 391, 397 (Mo.App.2000), in which the court of appeals reversed a conviction for knowingly distributing drugs within 2000 feet of a school because the only evidence that the residence where the crime occurred was within 2000 feet of a school was a map that was not established to be drawn to scale, testimony based solely on two witnesses' observation of the map, and a computer calculation. The court pointed out that there was no evidence about the size of the school, whether it was visible from the residence, or whether the defendant had seen the school, traveled past it, or heard about its location. *Id.* It opined that evidence establishing the visibility of the school and that the defendant's normal coming and going from the residence would have taken him past it "could have given the jury a basis for forming a reasonable inference" that the defendant knew of the location of the school. *Id.* But, there was no such evidence in *White*.

In this case, unlike *White*, there was evidence that the map used to show the distance was drawn to scale and the distance was calculated by the testifying witness. Further, there was evidence that the school accommodated eight grades of students plus kindergarten and pre-kindergarten, and had three playgrounds, one of which had playground equipment. The

school, the main playground, and playground equipment were visible from defendant's residence. Further, the school and main playground were on Broadway, specifically on that portion of Broadway that defendant would routinely use as he came and went between his residence and place of employment, and on other occasions.

Thus, even if the state was required to prove that defendant acted knowingly, there was sufficient evidence to permit an inference that defendant had knowledge of the location and distance of the school when he established residency at 110 Collins. The trial court did not err in denying defendant's motion for acquittal. Point two is denied.

*Conclusion*

The judgment of the trial court is affirmed.

ROBERT G. DOWD, JR., J. and KENNETH M. ROMINES, J., concur.

Susan L. Hogan, Esq., Kansas City, MO, for Appellant.

Robert J. (Jeff) Bartholomew, Esq., Jefferson City, MO, for Respondent.

Before JOSEPH M. ELLIS, P.J., LISA W. HARDWICK and JOSEPH P. DANDURAND, JJ.