**Ross D. BRAND, Movant/Appellant,**

**v.**

**STATE of Missouri,**
**Respondent/Respondent.**

**No. ED 93504.**

Missouri Court of Appeals,
Eastern District,
Division Two.

June 15, 2010.

———

Alexa I. Pearson, Columbia, MO, for Movant/Appellant.

Shaun J. Mackelprang, James B. Farnsworth, Jefferson City, MO, for Respondent/Respondent.

Before SHERRI B. SULLIVAN, P.J., ROBERT G. DOWD, JR., J., and PATRICIA L. COHEN, J.

SHERRI B. SULLIVAN, P.J.

*Introduction*

Ross D. Brand (Movant) appeals from the judgment of the motion court denying, without an evidentiary hearing, his Rule 24.035 motion[1] for postconviction relief from his conviction and sentence in the trial court after pleading guilty of being a prior offender residing within 1,000 feet of a school or child care facility, in violation of Section 566.147.[2] We reverse and remand.

*Factual and Procedural Background*

On July 7, 1999, Movant pled guilty to one charge of statutory rape, for which he was sentenced to seven years, such sentence beginning on September 8, 1999. Movant was required to register as a sex offender due to this offense, which he did. In 2004, Section 566.147 was enacted, which prohibits sex offenders from living within 1,000 feet of a school or child-care facility. On March 7, 2007, a child welfare worker visited Movant's girlfriend's home, where Movant had been living for two weeks, and which was within 1,000 feet of a "Head Start" facility. The child welfare worker, discovering this situation, reported Movant. Movant was charged with and pled guilty to violating Section 566.147.

The trial court advised Movant of his trial rights and made clear that those rights would be waived if Movant decided to plead guilty. Movant assured the court that he understood his rights, the charges against him and still wished to plead guilty, because he was guilty. The court also asked about Movant's opportunity to discuss his case with counsel. Movant testified that he believed he had had sufficient time to speak with counsel, that counsel had done everything he asked, and that he

had no complaints about counsel's performance.

[THE COURT]: [Movant], the essential elements of the charge against you are as follows: That you did on or about March 7, 2007, in the County of Washington, State of Missouri, being a registered sex offender with the Washington County Sheriff's Office, did reside at 602 Main Street, [Mineral Point], Missouri, which residence was within 1,000 feet of a school, a violation of Missouri law.

Do you understand and admit each essential element of that charge that I have read to you?

[MOVANT]: Yes, sir.

. . .

[COURT]: I need you to tell me in your own words what you did on or about March 7, 2007, which led to this charge filed against you.

[MOVANT]: I came home from work. DFS was there with the girl that I was staying with. And they noticed I lived a thousand feet of a school, but

. . .

[COURT]: You, sir, first of all, were you a registered sex offender with the Washington County Sheriff's Office?

[MOVANT]: Yes.

[COURT]: And so you're telling me that you did reside then within a thousand feet of a school; is that right?

[MOVANT]: Yes, sir.

In exchange for Movant's guilty plea, the State agreed to recommend, and Movant agreed to accept, that Movant's sentence be suspended and he receive five years' supervised probation. The trial court accepted the plea.

---

1. All rule references are to Mo. R.Crim. P.2007, unless otherwise indicated.

2. All statutory references are to RSMo 2006, unless otherwise indicated.

One year later, the court revoked Movant's probation and sentenced him to four years' imprisonment because he did not acquire the sex offender evaluation that the court ordered him to get as a term of his probation.

On October 23, 2008, Movant filed a *pro se* Rule 24.035 motion for postconviction relief, later amended by appointed counsel, alleging that Section 566.147 was an unconstitutionally retrospective law as applied to him, because his underlying conviction for a sex offense occurred in 1998, prior to the statute's enactment in 2004. Movant also alleged that counsel was ineffective for failing to advise him that he could not be found guilty of violating Section 566.147 unless he *knew* that he was residing within 1,000 feet of a school, and that he did not, in fact, *know* about the school's location, and that if counsel had advised him appropriately he would have taken the matter to trial. The motion court denied Movant's postconviction motion without an evidentiary hearing. This appeal follows.

### Points on Appeal

In his first point, Movant maintains that the motion court clearly erred in denying his Rule 24.035 motion because his conviction and sentence are in violation of constitutional prohibitions against retrospective laws, as guaranteed by Article I, Section 13 of the Missouri Constitution, in that Section 566.147 is unconstitutionally retrospective as applied to anyone who was convicted of or pled guilty to a qualifying sex offense prior to the statute's effective date, and Movant pled guilty to the underlying sex offense in 1999, several years prior to the enactment of the statute, and the motion court's conclusion declaring that this section does not impose a new obligation and thus is not unconstitutionally retrospective is clearly erroneous in light of the Missouri Supreme Court's recent decision in *F.R. v. St. Charles County Sheriff's Department*, 301 S.W.3d 56 (Mo. banc 2010), which expressly held to the contrary.

In his second point, Movant claims that the motion court clearly erred in denying his Rule 24.035 motion because this violated his right to due process of law and effective assistance of counsel, as guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution and Article I, Sections 10 and 18(a) of the Missouri Constitution, in that Movant's guilty plea was not entered knowingly, intelligently, or voluntarily, because plea counsel unreasonably advised him to enter a guilty plea even though he did not possess the required culpable mental state to constitute a violation of Section 566.147, when Movant did not act "knowingly" or "purposely" in violation of the law as he was unaware that the address at which he was staying was within 1,000 feet of a school or day-care facility, and the court accepted his guilty plea even though he lacked understanding of the charge against him.

### Standard of Review

An evidentiary hearing is not required for a postconviction motion for relief if the motion, the files and case record conclusively show that a movant is not entitled to relief. *Thomas v. State*, 249 S.W.3d 234, 238 (Mo.App. E.D.2008), Rule 24.035(h). To warrant an evidentiary hearing: 1) the motion must plead facts, not conclusions, which if true, would merit relief; 2) the facts alleged must raise matters not refuted by the record; and 3) the matters must have resulted in prejudice to the movant. *Thomas*, 249 S.W.3d at 238. Our review of decisions under Rule 24.035 is limited to determining whether the findings, conclusions, and judgment of the motion court are clearly erroneous. *Id.*

## Discussion

■ The holding of *F.R. v. St. Charles County Sheriff's Department*, 301 S.W.3d 56 (Mo.banc 2010), is dispositive of Movant's first point on appeal. In *F.R.*, the Missouri Supreme Court found that Section 566.147 as applied to a defendant convicted of a sex crime in 1999 was unconstitutional:

> The new obligations and duties imposed on [the defendant] are solely the result of [his] past criminal acts, and the failure to perform these new duties and obligations carries a criminal penalty. The obligations and duties, imposed after the fact of [his] criminal conviction [ ] and based solely on [that] prior conviction [ ], violate [the defendant's] rights under article I, section 13.

*Id.* at 66.

Movant pled guilty to the sex offense upon which his sex offender status is based in 1999, before the enactment of Section 566.147. At the time he pled guilty and was convicted, there was no law forbidding him from living within 1,000 feet of a school or day-care center. See, *F.R.*, 301 S.W.3d at 61. That law, Section 566.147, was enacted in 2004. Its command that a person who has been convicted of a sex offense cannot reside within 1,000 feet of a school or day-care center imposes a new obligation, duty or disability upon Movant. *Id.* The 2004 law restricting Movant's choice of residency changes the legal effect of his past conviction. *Id.* at 63, 64; see also *Jerry–Russell Bliss, Inc. v. Hazardous Waste Mgmt. Comm'n*, 702 S.W.2d 77, 81 (Mo.banc 1985). The statute makes Movant take some action, not previously required of him, based on his previous conviction—or face a new criminal charge. *F.R.*, 301 S.W.3d at 63. As such, Section 566.147 violates the Missouri Constitution's prohibition against the retrospective application of laws and is unconstitutional as applied to Movant in this case. *Id.*

The State argues that this cause should be remanded for a hearing by the motion court because there may be another sexual offense committed after Section 566.147 came into effect upon which this conviction is based. The record indicates that the conviction was based upon Movant's 1998 statutory rape charge to which he pled guilty in 1999. He was incarcerated for seven years, released in 2006, and then charged with the instant violation in 2007. However, in the interests of diligence, we find that the State should submit to the trial court an official criminal records check of Movant in order to conclusively prove that Movant's conviction of violating Section 566.147 was exclusively based on his 1999 conviction that occurred before the statute's effective date.

Accordingly, Point I is granted.

Our resolution of Point I renders the claims raised in Point II moot. As such, Point II is denied as moot.

## Conclusion

The judgment of the motion court denying Movant's Rule 24.035 motion is reversed and this cause is remanded. The State is ordered forthwith to submit to the court an official criminal records check of Movant to establish that Movant's conviction of violating Section 566.147 was based only on the 1999 conviction that occurred before Section 566.147's effective date of 2004. Upon such establishment, the trial court's judgment of conviction and sentence against Movant for violating Section 566.147 is ordered vacated.

ROBERT G. DOWD, JR., J. and PATRICIA L. COHEN, J., concur.