STATE of Missouri, Respondent,

v.

Robert A. MOLSBEE, Appellant.

No. WD 70399.

Missouri Court of Appeals,
Western District.

Aug. 10, 2010.

Susan L. Hogan, Kansas City, MO, for appellant.

Shaun J. Mackelprang and James B. Farnsworth, Jefferson City, MO, for respondent.

Before LISA WHITE HARDWICK, P.J., JAMES M. SMART, JR., and ALOK AHUJA, JJ.

PER CURIAM:

Robert Molsbee appeals his conviction following a guilty plea for violating a statute prohibiting convicted sexual offenders from residing within a thousand feet of a school or child care facility. Molsbee appeals on the basis that the statute under which he was charged is unconstitutional as applied to him. We vacate the judgment of conviction and direct that Molsbee be discharged.

## Background

In March 2008, the State charged Robert Molsbee with violating section 566.147, RSMo cumulative supplement 2006, which provides, in relevant part:

> Any person who, since July 1, 1979, has ... pleaded guilty or ... been found guilty of violating any of the provisions of [Chapter 566]; shall not reside within one thousand feet of any [public or private school] ... or child-care facility ... which is in existence at the time the individual begins to reside at the location.

Shortly after being charged, Molsbee appeared before the court, with counsel, to plead guilty. Molsbee told the court that on March 2, 2008, he knowingly established his residence within 1,000 feet of the Head–Start Preschool. He confirmed that he had been convicted in 1999 of second-degree statutory rape, an offense within Chapter 566. The court accepted Molsbee's plea after finding that it was knowingly and voluntarily entered and supported by a factual basis. The court sentenced Molsbee to three years' imprisonment in accordance with the prosecutor's recommendation under the plea agreement.

Molsbee appeals.

## Discussion

■ Molsbee argues on appeal that section 566.147 is unconstitutional as applied to him. He says that because his previous conviction occurred in 1999, before the 2004 enactment of section 566.147, his prosecution for violating that statute's residency restrictions would violate the Mis-

souri Constitution's prohibition against retrospective application of the law.

Article I, section 13 of the Missouri Constitution provides:

> That no ex post facto law, nor law impairing the obligation of contracts, or retrospective in operation, or making any irrevocable grant of special privileges or immunities, can be enacted.

This constitutional provision has no precise parallel in the United States Constitution, and a similar provision appears in the constitutions of only a few states. *Doe v. Phillips,* 194 S.W.3d 833, 849 (Mo. banc 2006). In *Phillips,* the Court, in reviewing the history of Missouri's provision, noted that the ban on retrospective laws had been interpreted as follows:

> A retrospective law is one which creates a new obligation, imposes a new duty, or attaches a new disability with respect to transactions or considerations already past. It must give to something already done a different effect from that which it had when it transpired.

*Id.* at 850 (*quoting Squaw Creek Drainage Dist. v. Turney,* 138 S.W. 12, 16 (Mo. 1911)). The Court in *Phillips,* evaluating a challenge to the application to certain plaintiffs of "Megan's Law" (which requires registration in the "sexual offender registry" of persons convicted of certain enumerated crimes), held that the registration requirement could not constitutionally be applied to those who were convicted prior to the effective date of the Act. *Id.* at 852.[1]

Two years after *Phillips,* in *R.L. v. Missouri Department of Corrections,* 245 S.W.3d 236, 237 (Mo. banc 2008), the Court dealt with section 566.147 (*supra,* regulating residence near schools or child care

centers) as that statute purported to apply to persons who had already established residency in the restricted zone prior to the effective date of the Act. The issue there was similar to one of the issues in *Phillips:* whether the retrospective application of the statute violated the state constitution. The Supreme Court held that section 566.147, adopted in 2004, could not constitutionally be applied retrospectively to a prior offender who already had established residence in the prohibited zone before the statute was enacted. *Id.* The Court held that the residency restrictions imposed a new obligation upon persons based solely on their past conduct and, thus, violated the constitutional prohibition. *Id.* at 237–38.

Then this year, after Molsbee's guilty plea, but before his conviction based on the plea was final, the Supreme Court addressed a case with facts and law corresponding to those in Molsbee's case. The Court addressed the issue on appeal of a declaratory judgment action brought by a prior offender. The issue was whether it is constitutional under article 1, section 13 to apply section 566.147 to persons convicted of the pertinent sex offense before the effective date of that statute in 2004. *F.R. v. St. Charles Cty. Sheriff's Dep't,* 301 S.W.3d 56, 58 (Mo. banc 2010). Like Molsbee's prior conviction in 1999, the prior sexual conviction in *F.R.,* which also occurred in 1999, pre-dated the enactment of section 566.147. *Id.* at 159. Whereas Molsbee had pleaded guilty to violating section 566.147, the prior sex offender in the *F.R.* case had filed a preemptive challenge to the application of the law to him. *Id.* at 60. Ultimately, when his appeal of his action for declaratory and injunctive

---

1. The practical effect of the ruling in *Phillips* was reversed by the decision in *Doe v. Keathley,* 290 S.W.3d 719, 720 (Mo. banc 2009), holding that, irrespective of the state constitu-

tional provision, a similar federal law imposes a registration requirement on the offenders in question, even if they were exempt under state law.

relief reached the Supreme Court, the Court, in a 4–3 decision, declared that "[b]ecause F.R. [the offender] was convicted and sentenced before the 'school residency law' was enacted, section 566.147, *as applied to F.R.*, is unconstitutionally retrospective in its operation." *Id.* at 58 (emphasis added).

Unlike *R.L.*, which dealt with those offenders who had *established their residence* prior to the effective date of the Act, *F.R.* dealt with those who, like Molsbee, *had been convicted* prior to the date of the Act. Therefore, our focus is on whether Molsbee, at this stage of his case, is entitled to invoke the ruling in *F.R.* on our review of his direct appeal of his guilty plea. Molsbee says that his conviction should be held void, permitting him relief by direct appeal of the plea. After the decision in *F.R.*, while this appeal was still pending, counsel for Molsbee notified this court of the decision in *F.R.* and suggested that *F.R.* clarifies that Molsbee was convicted under a statute that could not constitutionally be applied to him. Molsbee seeks relief on this basis.

■ There is no factual dispute. The issue here is one of law. Because a guilty plea logically waives defenses, this court's review, on direct appeal of a guilty plea, has traditionally been "restricted to whether the trial court had subject matter jurisdiction, or whether the indictment or information was sufficient." *See State v. Sparks*, 916 S.W.2d 234, 238 (Mo.App. 1995); *see also State v. Sharp*, 39 S.W.3d 70, 72 (Mo.App.2001).

■ Now, however, the issue of the court's authority to proceed on the basis of a statute that is unconstitutional as applied to the defendant is no longer called an issue of "jurisdiction." In *Webb ex rel. J.C.W. v. Wyciskalla*, 275 S.W.3d 249 (Mo. banc 2009), the Supreme Court clarified that Missouri courts recognize only two kinds of jurisdiction: subject matter jurisdiction and personal jurisdiction. *Id.* at 252. Personal jurisdiction refers to the court's power, in conformity with the principles of due process, to require a person to respond to a legal proceeding that may affect his rights or interests. *Id.* at 253. Subject matter jurisdiction is simply a matter of "the court's authority to render a judgment in a particular category of case." *Id.* Subject-matter jurisdiction in Missouri's circuit courts is governed by the state constitution. *Id.* "Article V, section 14 sets forth the subject matter jurisdiction of Missouri's circuit courts in plenary terms, providing that 'the circuit courts shall have original jurisdiction over all cases and matters, civil and criminal.'" *Id.* Accordingly, we do not construe Molsbee's claim as a jurisdictional claim, but as one based on the claim that the statute was unconstitutional as to him and that he should, in light of the issuance of the opinion in *F.R.*, be entitled to have his plea and sentence vacated.

In this case, the issue is not precisely whether the court at that time had authority to accept his plea and enter a conviction thereon. The charge did not appear on its face to be defective as applied to Molsbee. It did refer to Molsbee's prior sexual offense conviction in 1999, which was prior to the effective date of section 566.147, but it was an unresolved question at that time as to whether the statute was constitutionally overbroad by its language that included within its specific terms offenders who had been convicted of sex crimes before the effective date of the statute. The issue of the constitutionality of the statute's reach backward was an issue discernible to an astute lawyer, to the extent that one would consider the constitutional language from article I, section 13, and the principles discussed in *Phillips* and *R.L.* However, while the issue

was discernible, the resolution of the issue was still in doubt until it was settled by a 4–3 vote of our state's highest court in *F.R.*, after Molsbee's guilty plea. Somehow, it came to Molsbee's attention after his plea and sentence that there was an issue as to the constitutionality of the statute as applied to him. Molsbee appealed his plea on the ground that the court had no authority to take his pleas and sentence him under a statute that was unconstitutional as applied to him. After the decision in *F.R.*, he called the decision in *F.R.* to the attention of this court and based his claim squarely on *F.R.*

Molsbee also relies, *inter alia*, on *State v. Burgin*, 203 S.W.3d 713, 717–18 (Mo. App.2006). *Burgin* involved a conviction under section 566.083.1, RSMo 2000, after a jury trial. Only eight days after Defendant Burgin's conviction after a jury trial, the Supreme Court held in *State v. Beine*, 162 S.W.3d 483 (Mo. banc 2005), that 566.083.1 was unconstitutional. On appeal of Burgin's conviction to the Eastern District of this court, Burgin was allowed to benefit from the principle that if there is a change in the law after judgment but before the appellate court's decision is rendered, " 'the law must be obeyed or its obligation denied.' " *Id.* at 717 (*quoting Sumners v. Sumners*, 701 S.W.2d 720, 723 (Mo. banc 1985)). The court thus held that Burgin's incarceration under an invalid statute could not be upheld. *Id.* The case was transferred after opinion to the Supreme Court, which then retransferred it without instructions to the Eastern District, where the original opinion was reinstated. *Id.* at 713.

Although the *Burgin* court spoke in terms of "jurisdiction," we assume that the court was talking, in pre-*Webb* terms, about the *authority* of the trial court, and we further assume that the "change of law" principle remains viable as a principle

of law. That is because the "change of law" principle is about an exception to a general rule—the general rule that a constitutional issue is waived if not timely raised. In *Burgin*, the court discussed the matter as a claim of "plain error," on the theory that a conviction under an unconstitutional statute is void. *Id.* at 716. Burgin was convicted before the decision in *Beine* invalidating 566.083.1 was handed down. *Id.* Whether the claim is properly called one of "plain error" or not, the principle seems to be that one gets the benefit of the change in the law if the conviction is not yet final.

We observe recognition of this principle in *State v. Gonzales*, 253 S.W.3d 86 (Mo. App.2008). In *Gonzales*, also an Eastern District case, the defendant was convicted of establishing a residence near a school in violation of section 566.147 RSMo 2004 Supp. *Id.* at 87. On appeal, he sought relief on the ground that the statute operated retrospectively (based on his 1997 conviction, which pre-dated section 566.147). *Id.* at 88. The court noted that the constitutional issue had not been raised in the trial court and, thus, would ordinarily be considered waived. *Id.* The court, then, however, noted the principle mentioned earlier in *Burgin* that "[i]f there is a change of law after judgment is rendered by the trial court, but before the appellate court's decision, 'the law must be obeyed or its obligation denied.' " *Id.* The court then considered whether there had been a change in the law as to Mr. Gonzales. The court noted that Gonzales was prosecuted under the 2004 version of 566.147, which did not compel him to change his residence; thus, there was no change of law as to the prosecution of Gonzales. *Id.* at 89. Because the *R.L.* case in 2008 did not constitute a "change of law" as to the *2004 version* of the statute, under which Gonzales was prosecuted, Gonzales was not entitled to relief. *Id.*

The court denied relief to Gonzales, but we note that the court apparently would have been prepared to grant him relief under the "change of law" principle if it had been applicable. *Id.* The court was recognizing the "change of law" principle as an exception to the rule that constitutional issues are waived if not timely raised.[2]

The key issue here is whether the constitutional issue was irrevocably waived by the plea. If it was, Molsbee cannot receive relief as he requests. But it seems, based on our discussion of the foregoing cases under the change of law principle, that Molsbee is still able to raise a request for relief on the basis of his newly minted constitutional defense. Incidentally, the record here does not show an *express* waiver of either the right to appeal generally, or waiver of the right to appeal the specific latent issue under article I, section 13, as a key part of the plea agreement.

We hold that Molsbee's guilty plea, which is before us on direct appeal, may be vacated under the principle enunciated in the foregoing cases. Molsbee is not considered to have irrevocably waived the issue of the constitutionality of the statute as applied to him. The ruling in *F.R.* was exactly on point with Molsbee's case. The law changed while his case was on appeal, before the judgment became final. We need not decide whether Molsbee would be entitled to relief from his conviction on any other basis or theory if this proceeding were other than a direct appeal from his plea.

## Conclusion

We vacate the judgment of conviction after guilty plea and direct that Molsbee be discharged from remaining portion of his sentence as to the conviction of violation of 566.147.

---

**2.** Another case that, in effect, allowed a "change of law" exception to the waiver principle is *Brand v. State,* 313 S.W.3d 226 (Mo. App. E.D.2010). Though *Brand* was a proceeding under Rule 24.035 and not a direct appeal of a guilty plea, that case also involved 566.147 and *F.R.* The court granted relief based on the change of law principle.