STATE of Missouri, Respondent,

v.

Joshua Michael EDMOND, Appellant.

No. WD 72938.

Missouri Court of Appeals,
Western District.

March 27, 2012.

John M. Lynch, for Appellant.

Daniel McPherson, for Respondent.

Before Division Three: JAMES M. SMART, JR., Presiding Judge, VICTOR C. HOWARD, Judge and JAMES E. WELSH, Judge.

VICTOR C. HOWARD, Judge.

Joshua Edmond appeals his conviction following a jury trial for the class B felony of reckless possession of child pornography, section 573.037, RSMo Cum.Supp. 2011. On appeal, Edmond claims that the trial court erred in denying his motion for a continuance and in permitting a prosecution and conviction based on section

573.037 because the statute is unconstitutionally vague. The appeal is dismissed.

### Factual and Procedural Background

In November of 2009, Boone County Sheriff's Department Detective Tracy Perkins was investigating files on a file-sharing network called Gnutella. During her investigation, Detective Perkins discovered an internet protocol ("IP") address in Boone County which was linked to seventeen child pornography files. On November 13, Detective Perkins obtained records for the IP address and learned that the IP address was associated with an account registered to the name of Trisha Ogden.

Detective Perkins obtained a search warrant and served it at Ogden's apartment in Columbia, Missouri, on November 23. Ogden was home alone when the warrant was served. She told Detective Perkins that her boyfriend, Joshua Edmond, also lived in the apartment but was out of town at the time. Officers seized a laptop computer from the apartment, and Detective Perkins asked Ogden to tell Edmond that she wanted to speak with him when he returned to Columbia.

When he returned to Columbia, Edmond called Detective Perkins and later went to the sheriff's department to speak with her. Edmond admitted that he had downloaded a file-sharing program called LimeWire onto the computer and used it to search for and download pornography. Edmond told Detective Perkins that he double-clicked the files he wanted to download and sent them to a "Complete" or "Save" folder. Edmond stated that he would view the files and then delete them. He stated that if he opened a file and it contained child pornography, he would close it and delete it.

On February 24, 2010, the State filed an information charging Edmond with the class B felony of possession of child pornography in violation of section 573.037 in that on or about November 23, 2009, Edmond possessed video files that constituted obscene material that had a person under the age of eighteen years as one of its participants. On June 7, 2010, a week prior to trial, the State filed its first amended information, charging Edmond with the class B felony of possession of child pornography in violation of section 573.037 in that he recklessly possessed video files that constituted obscene material that had a person under the age of eighteen as one of its participants.[1]

A jury trial was held on June 15, 2010. Boone County Sheriff's Department Detective Andy Anderson testified regarding his forensic examination of the computer. Detective Anderson discovered files containing child pornography in a "Saved" folder and in an "Incomplete" folder that contained files that had not finished downloading.

Edmond testified that when he searched for pornography on LimeWire, he would highlight and download the entire page of search results. Edmond stated that he did not read the titles of the files before downloading them. After downloading the files, Edmond would open and view each file. He testified that when he opened a file that contained child pornography, he would close it and delete it.

---

1. A prior version of section 573.037.1 provided that "[a] person commits the crime of possession of child pornography if, knowing of its content and character, such person possesses any child pornography of a minor under the age of eighteen or obscene material portraying what appears to be a minor under the age of eighteen." In 2009, the statute was amended to provide that "[a] person commits the crime of possession of child pornography if such person knowingly or recklessly possesses any child pornography of a minor under the age of eighteen or obscene material portraying what appears to be a minor under the age of eighteen."

The jury found Edmond guilty of recklessly possessing child pornography. The trial court sentenced Edmond to five years imprisonment in the Department of Corrections. This appeal by Edmond followed.

## Discussion

In his first point on appeal, Edmond contends that the trial court erred in denying his motion for a continuance, his motions for judgment of acquittal, and his motion for a new trial. Edmond claims that the trial court erroneously permitted him to be prosecuted and convicted "of an indefinite, unlawful new charge of reckless possession of child pornography, 573.037 RSMo, which fails to adequately address the mens rea requirement of criminal acts, misapplies a reckless standard in contravention of statutory norms and which creates an ambiguous, vague and overbroad statute." Similarly, in his second point Edmond claims that section 573.037 is unconstitutionally vague in violation of his right to due process in that it fails to give a person of ordinary intelligence a reasonable opportunity to know what conduct is prohibited and fails to include sufficiently explicit standards to guide enforcement.

■ Edmond contends that because his argument on appeal is based on the constitutionality of a statute, the appeal must be transferred to the Missouri Supreme Court. The Missouri Supreme Court has exclusive appellate jurisdiction in cases involving the validity of a statute of this state. Mo. Const. art. V, § 3. However, transfer to the Supreme Court "is not required unless the defendant has properly preserved the constitutional issue for review by raising it at the earliest possible moment consistent with good pleading and orderly procedure and has further preserved it in his motion for new trial." *State v. Turner,* 48 S.W.3d 693, 696 (Mo.

App. W.D.2001). To preserve a constitutional issue for review, a party must:

> (1) raise the issue at the first available opportunity, (2) state the constitutional provision claimed to be violated by specifically referencing the article and section of the constitution or by quoting the constitutional provision itself, (3) state the facts that comprise the constitutional violation, and (4) preserve the constitutional issue throughout the criminal proceeding.

*State v. Newlon,* 216 S.W.3d 180, 184 (Mo. App. E.D.2007). "Moreover, to preserve the issue for appellate review, the issue of the constitutional validity of a statute must not only have been presented to the trial court, but the trial court must have ruled thereon." *Mo. Highway & Transp. Comm'n v. Merritt,* 204 S.W.3d 278, 284 (Mo.App. E.D.2006).

■ Edmond claims that his defense counsel first raised the issue in his request for a continuance and continued raising the issue in two separate motions for judgment of acquittal and in a motion for a new trial. The record on appeal shows that the issue of the validity of section 573.037 was never raised in any of these motions. In the motion for a continuance, defense counsel noted that the State filed an amended information without opposition from defense counsel. The remainder of the motion concerns three motions in limine filed by the State. Defense counsel stated that he needed additional time to study the motions to determine available defense strategies. Nothing in the motion for a continuance challenged the State's amended information or the validity of section 573.037.

Moreover, defense counsel made oral motions for a judgment of acquittal at the close of the State's evidence and at the close of all evidence. Defense counsel provided no written or oral argument in sup-

port of the motions. Finally, the motion for new trial does not address the validity of section 573.037. Instead, defense counsel argues in the motion that the trial court improperly limited Edmond's voir dire examination and his ability to admit evidence regarding Trish Ogden's use of the computer and Edmond's method of downloading files. The motion for new trial also included a claim that the prosecutor improperly questioned the venire panel regarding jury instructions.

The record on appeal reveals that Edmond never objected to or challenged the State's first amended information. Edmond never raised an issue regarding the constitutionality of section 573.037 before the trial court. "When an appellant raises a constitutional question for the first time on appeal, we cannot consider the appeal or transfer the appeal to the Missouri Supreme Court." *State v. Gonzales,* 253 S.W.3d 86, 88 (Mo.App. E.D.2008).

■ It appears from a footnote in Edmond's brief that he is asserting that his first point on appeal is reviewable by this court because it addresses only the ambiguity of section 573.037 rather than the constitutionality of the statute. Edmond argues that this court may provide meaning to the ambiguous statute by applying Missouri's well-accepted canons of construction. *See Missourians for Tax Justice Educ. Project v. Holden,* 959 S.W.2d 100, 105 (Mo.1997) (noting that vagueness differs from ambiguity in that vagueness that "violates due process exists where a law speaks with such uncertainty that it permits arbitrary and discriminatory enforcement or in such a way that a person of ordinary intelligence does not receive fair notice from the language employed in the law what conduct that law requires or forbids").

■ Although Edmond cites various cases regarding statutory interpretation, it is clear from the content of his argument that his assertion in his first point is the same as the assertion in his second point— that section 573.037 is unconstitutional. In his point relied on, Edmond argues that section 573.037 is "unlawful" and "vague." Several times throughout the argument, Edmond asserts that section 573.037 is an "overbroad and unconstitutional statute so vague and unclear as to be a violation of due process." In that regard, Edmond claims that the general public cannot tell what conduct the statute prohibits and that the vagueness of the statute would lead to arbitrary enforcement. Where it is clear that Edmond's first point on appeal concerns the constitutionality of section 573.037, and Edmond did not preserve that issue, his first point is not reviewable by this court.[2] *See Gonzales,* 253 S.W.3d at 88.

Where the only issue raised on appeal is the constitutionality of section 573.037, and that issue was not preserved for review, there are no reviewable issues before this court. *See State v. Roberds,* 820 S.W.2d

**2.** Edmond appears to argue in his jurisdictional statement that he is also presenting an ex post facto violation claim to this court. However, no such claim is presented in either of Edmond's points on appeal. Edmond's "argument" does not appear until the final two sentences of his first point, where he states that the fact that the reckless standard of section 573.037 "did not exist at the time Appellant was to have acted requires the conviction to be vacated and the matter remanded for trial on the standard that existed at the time of Appellant's purported actions. Any other conclusion creates an ex post facto violation." Where Edmond cites no legal authority and fails to explain how the law applies to the facts of his case, he has not preserved the ex post facto issue for review. *See Studt v. Fastenal Co.,* 326 S.W.3d 507, 508 (Mo.App. E.D.2010).

621, 622 (Mo.App. W.D.1991). Therefore, the appeal is dismissed.

All concur.