

# Missouri Court of Appeals

## Southern District

### Division One

STATE OF MISSOURI, )
)
      Plaintiff-Respondent, )
)
v. ) No. SD36755
) Filed: October 27, 2021
REGINA J. HILLEMAN, )
)
      Defendant-Appellant. )
)

APPEAL FROM THE CIRCUIT COURT OF HOWELL COUNTY

Honorable Harvey S. Allen, Special Judge

**<u>AFFIRMED</u>**

After a jury trial, Regina Hilleman (Defendant) was convicted of distributing a controlled substance in a protected location. *See* § 579.030.[1] On appeal, Defendant contends the evidence was insufficient to prove she knowingly distributed a controlled substance within 2,000 feet of a school. We affirm.

*Factual Background*

Defendant's point challenges the sufficiency of the evidence to support her conviction. On appeal, we view the evidence in the light most favorable to the verdict and

---

[1] All statutory references are to RSMo (2016).

grant the State all reasonable inferences that can be drawn from that evidence. *See* ***State v. Soliben***, 621 S.W.3d 585, 589-90 (Mo. App. 2021). Viewed from this perspective, the following evidence was adduced at trial.

On June 12, 2019, Officer Justin Brown (Officer Brown), Sergeant Bryan Brauer (Sergeant Brauer), and other West Plains Police Department officers executed a search warrant for an apartment at 120 South Howell Avenue in West Plains, Missouri. As officers approached the apartment, they observed two men standing on the porch. One of those men was Destry Shed (Shed). Police handcuffed both men and removed them from the porch. Police then observed a set of brass knuckles and a small baggie containing a white crystalline substance. A later test of the substance was positive for methamphetamine. These items were found on the porch, where the men had been standing when police approached. Shed had come to the apartment to trade Defendant a microwave for a quarter gram of methamphetamine. He had visited Defendant at the apartment on multiple occasions.

Police began their search of the apartment in the bedroom that belonged to Defendant. Officers found: (1) multiple storage containers with methamphetamine inside; (2) syringes, zippered plastic baggies, a pipe, scales, and other items related to the distribution of methamphetamine; (3) an Altoid tin with a glittery letter "H" on the lid; and (4) items of women's clothing that belonged to Defendant.

As part of the investigation, Officer Brown measured the distance from the apartment to West Plains High School. Defendant's apartment and the West Plains High School were both located on Howell Avenue. Defendant's apartment was directly across Business 63, where Broadway connected with East Main. East Main Street separated the school property on North Howell Avenue from Defendant's apartment on South Howell

2

Avenue. Officer Brown's first measurement showed that Defendant's apartment was approximately 954 feet and six inches south of a school maintenance building located on North Howell Avenue. Officer Brown's second measurement showed the distance from that building to the school's tennis courts was an additional 583 feet and 11 inches away.

Photographs taken during the measuring process were admitted in evidence. These photographs record the measurements and show the locations where they were taken. Two of the photographs depict the tennis courts and surrounding fence. The photographs show tall, dark poles with lights directed toward the tennis courts, and additional stadium lighting behind the tennis courts. The poles appear to tower over other objects in the vicinity. The photographs also show: (1) a campus-style building, comprised of a large central structure with wings to either side, behind the tennis courts; and (2) a football stadium to the side of the tennis courts. At trial, Sergeant Brauer gave the following testimony:

Q. Were you involved at all in the service of a search warrant and the aftermath on June 12, 2019?

A. I was.

Q. And do you recall what the address was?

A. Uh-huh. 120 South Howell.

Q. And in what part of town is that?

A. It's right off Business – Business 63, off East Main down here. It's – you can almost see it from the courthouse.

Q. Okay. Needless to say, in 50 years you're fairly familiar with the city of West Plains?

A. I drove a lot of the streets, yes.

Q. From the address there at 120 South Howell, can you see the high school?

3

A. Yes. You can see – I mean, there is buildings and houses in between, but from the residence, you can see the – the stadium. There's a stadium, tennis courts, the roof of the building, flagpole. It's on the same street.

Q. So you can see the tennis courts?

A. You can see, yeah, the gate – or the – the fence around the tennis courts, yes.

At the close of the evidence, defense counsel moved for a judgment of acquittal on the ground that the State had failed to prove Defendant knew she was within 2,000 feet of the West Plains High School. The trial court denied the motion for the following reason:

> A school is identifiable by looking at the picture here in the exhibit, that that is school property, that it has facilities. And [defense counsel] says, well, it would always be, by itself, a tennis court no matter where it's going to be, unless it's within the school, is always going to be by itself. [T]he jury would be allowed to infer that there is notice that that is a school property based on the fact that it is – based on the exhibit that I have received, the picture, that it is associated and connected with the school[.]

The jury found Defendant guilty, and the court imposed a 15-year sentence. This appeal followed.

*Standard of Review*

On appeal, sufficiency of the evidence is reviewed on the merits, regardless of whether that issue was raised at trial. *State v. Claycomb*, 470 S.W.3d 358, 361-62 (Mo. banc 2015). As noted above, an appellate court considers all evidence in the light most favorable to the verdict, and grants the State all reasonable inferences. *State v. Lammers*, 479 S.W.3d 624, 632 (Mo. banc 2016). Contrary evidence and inferences are disregarded. *Id*.

"Appellate review of sufficiency of the evidence is limited to whether the State has introduced sufficient evidence from which a reasonable juror could have found each element of the crime beyond a reasonable doubt." *State v. Hunt*, 451 S.W.3d 251, 257

4

(Mo. banc 2014); *see Lammers*, 479 S.W.3d at 632. "This is not an assessment of whether the Court believes that the evidence at trial established guilt beyond a reasonable doubt but rather a question of whether, in light of the evidence most favorable to the State, any rational fact-finder could have found the essential elements of the crime beyond a reasonable doubt." *State v. Nash*, 339 S.W.3d 500, 509 (Mo. banc 2011) (internal quotation marks omitted); *see State v. Bateman*, 318 S.W.3d 681, 687 (Mo. banc 2010).

We defer to the fact-finder's "superior position to weigh and value the evidence, determine the witnesses' credibility and resolve any inconsistencies in their testimony." *State v. Lopez-McCurdy*, 266 S.W.3d 874, 876 (Mo. App. 2008). "Circumstantial rather than direct evidence of a fact is sufficient to support a verdict." *State v. Lehman*, 617 S.W.3d 843, 847 (Mo. banc 2021). If circumstantial evidence supports equally valid inferences, it is up to the fact-finder to determine which inference to believe. *Id*.

*Discussion*

Defendant was charged with violating § 579.030, which prohibits distribution of a controlled substance in a protected location. In relevant part, this statute states:

> 1. A person commits the offense of distribution of a controlled substance in a protected location if he or she knowingly distributes, sells, or delivers any controlled substance, except thirty-five grams or less of marijuana or synthetic cannabinoid, to a person with knowledge that that distribution, delivery or sale is:
>
> (1) In, on, or within two thousand feet of, the real property comprising a public or private elementary, vocational, or secondary school, or on any school bus[.]

§ 579.030.1(1). Defendant contends the evidence was insufficient to prove that she knew the sale or delivery took place within 2,000 feet of the West Plains High School.

The State must prove every element of the charged crime beyond a reasonable doubt. *Lehman*, 617 S.W.3d at 847. As relevant here, a person acts "knowingly" with

5

respect to her conduct, or to attendant circumstances, when she is aware of the nature of her conduct or that those circumstances exist. § 562.016.3(1). "Knowledge is typically inferred from circumstantial evidence because direct evidence is rarely available." **Hunt**, 451 S.W.3d at 257.

Defendant relies on **State v. Calvert**, 290 S.W.3d 189 (Mo. App. 2009), to support her argument that there is insufficient evidence to prove her knowledge that the distribution or sale occurred within 2,000 feet of the school. **Calvert** involved a similar statutory scheme that prohibited the sale of a controlled substance within 1,000 feet of public housing. In **Calvert**, the western district of this Court decided that there was insufficient evidence to prove the defendant knew he was within 1,000 feet of public housing. **Id**. at 192-93. The public housing in question was approximately 627 feet away from where the sale occurred, but there was no clear indication that it was "public" housing. **Id**. at 191, 193. The housing had a white sign with black lettering that indicated an "equal housing opportunity[,]" and the housing itself was comprised of two nondescript, ranch-style, single-story buildings. **Id**. To travel between the defendant's home and the nearby town, he had to drive by the sign and housing. **Id**. at 192. The western district held that there was nothing universally recognizable about the housing that would distinguish it from any other housing, nor did the small size of the nearby town allow knowledge of the public housing to be imputed to the defendant. **Id**. at 193.

Defendant makes the same argument here. She claims that the landmarks relied on by the State (*e.g.*, the visible school roof, flagpole, stadium, and tennis courts) are not so universally recognizable that an objective juror could reasonably infer that Defendant knew there was a school within 2,000 feet of her apartment. We disagree because the evidence

6

in the case at bar is sufficient to prove Defendant's knowledge, and *Calvert* is factually distinguishable.

Officer Brown testified that a West Plains High School maintenance building was 954 feet and six inches from Defendant's apartment, which was on the same street as the school. That is well within the statutory limit of 2,000 feet. The school's tennis courts were approximately 1,539 feet from Defendant's apartment, which is also within the statutory limit. These portions of the school were directly north of Defendant's apartment on North Howell Street. Sergeant Brauer testified that he could see the high school's stadium, tennis courts, building roof, and flagpole from Defendant's apartment. The jurors could reasonably infer that: (1) Defendant could have seen the same things as Sergeant Brauer; and (2) these were visually recognizable parts of a school. *See, e.g.*, *State v. Gonzales*, 253 S.W.3d 86, 90-91 (Mo. App. 2008) (jurors could reasonably infer that the defendant knew he was within 2,000 feet of a school because the school, main playground, and playground equipment were visible from the defendant's residence); *State v. McQuary*, 173 S.W.3d 663, 669 (Mo. App. 2005) (jurors could reasonably infer that the defendant knew he was within 2,000 feet of a school because it was located 1,581 feet from his residence on the same street, it was visible from his residence, and the school building displayed the words "Junior College"); *State v. Crooks*, 64 S.W.3d 887, 891 (Mo. App. 2002) (jurors could reasonably infer the defendant knew he was within 2,000 feet of a school because he was aware the school was five or six blocks from his house, the measured distance was 1,042 feet, and children could be seen walking past the defendant's house at lunch time). The evidence in the case at bar is much different than *Calvert*. Accordingly, Defendant's point is denied.

The judgment of the trial court is affirmed.

7

JEFFREY W. BATES, J. – OPINION AUTHOR

WILLIAM W. FRANCIS, JR., P.J. – CONCUR

JACK A. L. GOODMAN, J. – CONCUR